UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH WHITING,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　　　　Defendants. | Case No. 21-cv-05248-VKD<br><br>**ORDER RE MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 50, 51 |

The Court held a pretrial conference in this matter on September 14, 2022. Dkt. No. 55. As ordered by the Court, the parties subsequently submitted a joint status report on September 19, 2022 regarding the resolution of certain issues concerning witnesses and evidence. Dkt. Nos. 57, 58. This order resolves the parties' motions in limine. Dkt. Nos. 50, 51.

## I.     MS. WHITING'S MOTIONS IN LIMINE

### A.     Motion in Limine No. 1 re Ms. Whiting's Medical Records and History

Ms. Whiting moves to exclude Officer Byrd's proposed Exhibits 109 and 110, which are medical records that she says pertain to her medical history pre-dating the July 10, 2019 incident, as well as certain symptoms and treatment post-dating the July 2019 incident. She contends that such evidence is irrelevant and prejudicial and would only confuse the jury. Dkt. No. 51 at 2-4. Officer Byrd responds that in interrogatory responses and in deposition, Ms. Whiting claimed that she suffers from emotional injuries and a mental health condition that she attributes to the July 10, 2019 incident. Officer Byrd says that the medical records at issue are offered solely to rebut Ms. Whiting's claim that her emotional injuries were caused by the July 10, 2019 incident. Dkt. No. 52 at 2-3.

Neither of the exhibits in question are relevant to the issue of Officer Byrd's liability. At the pretrial conference, the Court noted that Officer Byrd's proposed Exhibit No. 110 does not appear to be relevant to any matter at issue in this action. Accordingly, Ms. Whiting's motion to exclude that exhibit is granted. Fed. R. Evid. 401, 402, 403.

As for Officer Byrd's proposed Exhibit 109, there may be information relevant to Ms. Whiting's claimed injuries and whether they are attributable to Officer Byrd's alleged misconduct or to some other cause. However, the Court noted that the proposed exhibits are fragmented, and Officer Byrd's briefing does not articulate a sufficient nexus between the matters in those records and the mental and physical injuries and symptoms that are claimed to be the result of the encounter with Officer Byrd. At the pretrial conference, Ms. Whiting stated that her testimony regarding her claimed injuries may be more limited than as presently suggested by the record. She proposed that the Court defer its ruling on this motion, pending her testimony at trial, acknowledging that if she should open the door to matters concerning her medical history, the Court may permit Officer Byrd to present evidence on such matters. Officer Byrd stated that she has no objection to Ms. Whiting's suggestion that the Court postpone its ruling.

Accordingly, the Court reserves ruling on this motion pending Ms. Whiting's testimony at trial. However, as discussed at the pretrial conference, to the extent any such evidence is permitted, the evidence must be presented in a manner that does not unduly invade Ms. Whiting's privacy. In particular, the Court does not expect that it will be necessary to disclose to the jury the details of any traumatic events that may underlie any of Ms. Whiting's mental health conditions if those conditions do become relevant.

**B.     Motion in Limine No. 2 re Defense Expert Brandon Sanchez**

Ms. Whiting moves to exclude the testimony of San Jose Police Department ("SJPD") Lieutenant Brandon Sanchez, identified by Officer Byrd as a non-retained expert witness on use-of-force polices. *See* Dkt. No. 53 at 9; Dkt. No. 52 at 4. According to Officer Byrd, Lieutenant Sanchez is a Unit Commander of the SJPD's Robbery Unit and a member of the SJPD's Use Of Force committee, whose "testimony may include applicable SJPD policies and training relating to use of force, including what actions constitute a use of force and when use of force is appropriate."

2

1   Dkt. No. 52 at 4. Additionally, Officer Byrd expects that Lieutenant Sanchez "will offer expert
2   opinion testimony on how the actions taken by Officer Jenni Byrd during her interactions with
3   Deborah Whiting on July 10, 2019 conformed to SJPD's policies and practices." *Id*. As a non-
4   retained expert, Lieutenant Sanchez did not prepare a written report, and Officer Byrd says that
5   she timely disclosed Lieutenant Sanchez in compliance with Rule 26(a)(2)(C). *See id*.

6   Ms. Whiting argues that any evidence or testimony offered by Lieutenant Sanchez
7   regarding whether Officer Byrd's conduct was consistent with SJPD's policies, procedures and
8   training is improper because (1) he did not witness the July 10, 2019 incident; (2) his opinions will
9   amount to impermissible legal conclusions; and (3) his opinions presume the truth and accuracy of
10  Officer Byrd's version of events and will usurp the jury's factfinding role, confuse the jury, and/or
11  unfairly cause the jury to give undue weight to Officer Byrd's testimony. Dkt. No. 51 at 7.

12  Expert witnesses may give opinions if "(a) the expert's scientific, technical, or other
13  specialized knowledge will help the trier of fact to understand the evidence or to determine a fact
14  in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of
15  reliable principles and methods; and (d) the expert has reliably applied the principles and methods
16  to the facts of the case." Fed. R. Evid. 702. The expert's opinions may be based "on facts or data
17  in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703;
18  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993) ("Unlike an ordinary
19  witness, see Rule 701, an expert is permitted wide latitude to offer opinions, including those that
20  are not based on firsthand knowledge or observation."). Additionally, "[a]n opinion is not
21  objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). However,
22  "[c]onsistent with Rule 704(a)," the Ninth Circuit "has repeatedly affirmed that 'an expert witness
23  cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'"
24  *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (quoting *Hangarter v. Provident Life &*
25  *Accident Ins. Co*., 373 F.3d 998, 1016 (9th Cir. 2004)).

26  Under the Court's case management order (Dkt. No. 20), *Daubert* motions should have
27  been filed no later than June 7, 2022. *See* Dkt. No. 20. Although Ms. Whiting's motion
28  references *Daubert*, she confirmed at the pretrial conference that she does not object to Lieutenant

Sanchez's testimony based on his qualifications or his methodology, or any other matter discussed in *Daubert*. Rather, she objects to his testimony on the ground that it is not relevant and is potentially prejudicial.

Officer Byrd's contention that Lieutenant Sanchez's testimony is necessary to explain SJPD's policies is not particularly persuasive. Elsewhere in her own Motion in Limine No. 3, seeking to exclude the testimony of current and former San Jose Police Chiefs and City Managers, Officer Byrd argues that "the City [of San Jose]'s use of force policy, and the setting of that policy, are not at issue. There is no dispute about what the City's use of force policy is, and there is no dispute about what the policy states." Dkt. No. 50 at 3. However, the Court finds that Lieutenant Sanchez's testimony may be *helpful* to the jury with respect to the SJPD's use-of-force policy and whether or not Officer Byrd's actions and conduct—as alleged by either party—do or do not comply with that policy. *See, e.g., Silva v. Chung*, No. 15-00436 HG-KJM, 2019 WL 2195203, at *1 (D. Hawai'i May 21, 2019) ("Qualified experts, such as Mr. Lichten, may testify about police practices and whether the particular actions of a police officer in a given situation comports with law enforcement's standards.").

Any testimony by Lieutenant Sanchez is limited to the use-of-force policy as described above. He may be asked to assume certain facts and to say whether the conduct those facts describe is consistent or inconsistent with the policy, but not that they were "reasonable," "lawful," "unreasonable," "unlawful," or "excessive." Nor may Lieutenant Sanchez opine about either party's credibility or endorse Officer Byrd's version of events or dispute Ms. Whiting's version of events. Except as permitted by this order, Ms. Whiting's motion to exclude Lieutenant Sanchez's testimony is granted.

## II. OFFICER BYRD'S MOTIONS IN LIMINE

### A. Motion in Limine No. 1 re Officer Byrd's Financial Information

Officer Byrd moves to exclude any evidence of her personal financial information, including income and sources of income, pensions and other employment benefits, property ownership, and financial obligations. She contends that such evidence is potentially relevant only if the jury decides to award punitive damages. Otherwise, Officer Byrd maintains that evidence of

4

her personal financial information would be prejudicial. Alternatively, pursuant to Rule 42(b), Officer Byrd requests an order bifurcating the trial, so that evidence relating to punitive damages, including Officer Byrd's personal finances, may be presented only if the jury decides to award punitive damages. Dkt. No. 50 at 2. Although Ms. Whiting initially opposed this motion (Dkt. No. 54), at the pretrial conference she stated that she does not oppose the motion, and she withdrew her request for punitive damages altogether. *See* Dkt. No. 55.

In view of Ms. Whiting's statements and representations at the pretrial conference, Officer Byrd's Motion in Limine No. 1 is denied as moot.

### B. Motion in Limine No. 2 re Evidence and Witnesses Not Timely Disclosed

Officer Byrd moves for an order precluding Ms. Whiting from offering any evidence or testimony from witnesses that were not timely disclosed as required by Rule 26(a) and the Court's scheduling order (Dkt. No. 38). Specifically, Officer Byrd moves for an order precluding Ms. Whiting from offering (1) photographs of the scene of the incident; (2) testimony by Praveena Selvaduray, M.D. and Alyssa Haines, P.T.; (3) testimony by former Chief of Police Edgardo Garcia, current Chief of Police Anthony Mata, former City Manager David Sykes, and current City Manager Jennifer Maguire;[1] and (4) any of Ms. Whiting's exhibits, identified as "photographs of plaintiff" (proposed Exhibit No. 1), "medical records of plaintiff" (proposed Exhibit Nos. 2A and 2B), and "credit card statements depicting financial losses suffered by plaintiff" (proposed Exhibit No. 3), to the extent any such documents were not disclosed in discovery. Dkt. No. 50 at 2-3.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Although she initially opposed this motion, based on the discussion at the pretrial conference and as reflected in the parties' September 19 status report, it appears that issues

---

[1] Officer Byrd's separate motion in limine regarding Edgardo Garcia, Anthony Mata, David Sykes, and Jennifer Maguire as "apex" witnesses is addressed below.

5

presented in this motion in limine have been resolved:

At the pretrial conference Ms. Whiting stated that other than her own testimony, she does not intend to present testimony from any witnesses other than Officer Byrd and Annette Jahn. Officer Byrd confirmed that she has no objection to Ms. Whiting's narrowed list of trial witnesses. *See* Dkt. No. 53 at 3, 4; *see also* Dkt. No. 55.

At the pretrial conference, Officer Byrd confirmed that documents in Ms. Whiting's proposed Exhibit No. 1 were produced in discovery. Additionally, the parties' joint pretrial conference statement indicates that Officer Byrd has no objection to that proposed exhibit. *See* Dkt. No. 53 at 11; Dkt. No. 55.

Pursuant to the parties' agreement as reflected in their September 19 status report, Ms. Whiting withdraws her proposed Exhibit Nos. 2A and 2B. Dkt. No. 58.

At the pretrial conference, Ms. Whiting withdrew her proposed Exhibit No. 3. *See* Dkt. No. 55.

As for Ms. Whiting's proposed Exhibit No. 4 containing photographs of various locations at the SAP Center, the parties have agreed on a modified version of that exhibit. Officer Byrd has no objection to that modified exhibit. Dkt. No. 58.

Based on the discussion at the pretrial conference and the parties' subsequent resolution of the issues as reflected in their September 19 status report, Officer Byrd's Motion in Limine No. 2 is denied as moot.

### C. Motion in Limine No. 3 re Testimony by Edgardo Garcia, Anthony Mata, David Sykes, and Jennifer Maguire

Officer Byrd moves to exclude testimony from Edgardo Garcia, Anthony Mata, David Sykes, and Jennifer Maguire, on the separate and independent ground that they are "apex" officials. Officer Byrd contends that these individuals have no personal knowledge about the circumstances underlying this action. Although she initially opposed this motion (Dkt. No. 54), as discussed above, at the pretrial conference Ms. Whiting confirmed that she will not call these witnesses to testify at trial. Accordingly, Officer Byrd's motion to exclude this testimony is denied as moot.

### D. Motion in Limine No. 4 re Internal Affairs and Independent Police Auditor's Investigation, Review, and Conclusions

Officer Byrd moves to exclude any evidence or reference to (1) the investigation of Ms. Whiting's complaint concerning the July 2019 incident by the San Jose Department Internal Affairs ("IA"); (2) the Independent Police Auditor ("IPA") review of the IA investigation; and (3) the conclusions made by the IA and the IPA about this case. The specific evidence in question includes testimony from Sergeant Thuy Le, Officer Teddy Davis, Officer Geoff Peroutka, and Erin O'Neill.[2] *See* Dkt. No. 50 at 4-5. Although she initially opposed this motion (Dkt. No. 54), Ms. Whiting confirmed at the pretrial conference that other than her own testimony, she does not intend to present testimony from any witnesses other than Officer Byrd and Ms. Jahn. Accordingly, Officer Byrd's Motion in Limine No. 4 is denied as moot.

**IT IS SO ORDERED.**

Dated: September 19, 2022

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] It is unclear whether Officer Byrd's motion also seeks to exclude testimony from Evita Martin, who is identified as a witness about the same subject matter. *See* Dkt. No. 53 at 5. As discussed above, however, the matter appears to be moot in view of Ms. Whiting's narrowed list of witnesses she will call at trial.

7