UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH WHITING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, a municipal public entity; JENNI BYRD, individually,<br><br>　　　　Defendants. | Case No.  21-cv-05248-VKD<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE MOTION TO REVIEW TAXATION OF COSTS AND (2) GRANTING MOTION TO SEAL**<br><br>Re: Dkt. Nos. 84, 85 |

## I.   BACKGROUND

Deborah Whiting filed this civil rights action pursuant to 42 U.S.C. § 1983 against the City of San Jose ("City") and San Jose Police Officer Jenni Byrd, asserting claims for excessive force in violation of the Fourth Amendment to the U.S. Constitution, and for violation of California Penal Code § 832.7.  Dkt. No. 1.  The Court granted summary judgment on all claims in favor of the City.  Dkt. No. 47.  The Court also granted summary judgment in favor of Officer Byrd as to Ms. Whiting's claim under California Penal Code § 832.7.  *Id.*  Officer Byrd did not move for summary judgment on the sole remaining claim against her for excessive force, which was tried before a jury.  On October 6, 2022, the jury returned a verdict in favor of Officer Byrd.  Dkt. No. 76.  The Court entered judgment accordingly.  Dkt. No. 79.

As the prevailing parties, defendants submitted a bill of costs totaling $3,532.27.  Dkt. No. 82.  The Clerk of the Court taxed costs in the amount of $2,918.47 against Ms. Whiting.  Dkt. No. 83.

Ms. Whiting now moves pursuant to Rule 54(d)(1) for judicial review of the Clerk's taxation of costs.  She contends that her claims were not frivolous and that she is unable to pay the

requested amount. Defendants oppose the motion. Ms. Whiting did not file a reply. The matter is deemed suitable for determination without oral argument. The April 25, 2023 hearing is vacated. Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court denies Ms. Whiting's motion without prejudice.[1]

## II.    LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). In view of this presumption, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

Courts need not give reasons for abiding by the presumption to award costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). However, if a court declines to award costs to the prevailing party, it must explain "why, in the circumstances, it would be inappropriate or inequitable to [do so]." *Ass'n of Mexican Am. Educators*, 231 F.3d at 593. "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592-93). "This is not 'an exhaustive list of "good reasons" for declining to award costs,' but rather a starting point for analysis." *Id*. at 1248 (quoting *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593).

---

[1] The Court finds good cause and compelling reasons to grant Ms. Whiting's request to seal portions of her declaration revealing her personal financial and medical information. *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

### III. DISCUSSION

Ms. Whiting does not dispute that defendants are the prevailing parties. Nor does she contend that any particular item in defendants' cost bill is an inappropriate expense. She argues that the Court should decline to award costs on the grounds that the present action involved issues of substantial public importance; her claims had merit; an award of costs would have a chilling effect on future civil rights litigants; and she has limited financial resources and is unable to pay the costs taxed against her.[2]

Defendants do not challenge Ms. Whiting's first three arguments. *See generally* Dkt. No. 86. The Court finds that these factors weigh against the imposition of costs. Courts in this district have generally found cases "to be of great importance when the claims involved are subject to closer scrutiny or special interest by the court, or the issues raised in the litigation have ramifications beyond the parties and concerns immediately involved in the litigation." *Ayala v. Pac. Mar. Ass'n*, No. C08-0119 TEH, 2011 WL 6217298, at *3 (N.D. Cal. Dec. 14, 2011); *see also Salinas-Ibarra v. Ellis*, No. 17-cv-01137-BLF, 2018 WL 3659300, at *2 (N.D. Cal. Aug. 2, 2018) (same). Ms. Whiting's claims concerned important issues about police conduct and use of force in dealing with members of the public. With respect to the closeness and difficulty of the issues in the case, Ms. Whiting and Officer Byrd were the only witnesses to the alleged use of force, and they presented conflicting testimony at trial regarding how events unfolded. The jury had to weigh and evaluate the evidence in reaching their conclusion in favor of Officer Byrd. Under the circumstances presented here, the Court also finds that awarding costs of $2,918.47 could have a chilling effect to the extent that it may cause persons unable to pay such costs to be reluctant to file suit. *See Stanley*, 178 F.3d at 1079 (courts must consider chilling effect on civil rights litigants when determining whether to tax costs). Courts in this district have found that cost awards of similar amounts could have a chilling effect on future civil rights litigation. *See, e.g., Salinas-Ibarra*, 2018 WL 3659300 at *2 (declining to award costs of $3,215.04) (citing cases).

However, Ms. Whiting's principal argument is that she is indigent and "cannot afford to

---

[2] As no one has offered any argument regarding economic disparity between the parties, the Court does not address that factor.

3

pay any amount towards the bill of costs." *See* Dkt. No. 85 at 4-5. Defendants oppose Ms. Whiting's motion with respect to her financial resources. *See Stanley*, 178 F.3d at 1079 ("District courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases."). They contend that the costs they incurred to defend this case are modest. Defendants further argue that Ms. Whiting's assertions regarding her medical expenses and purported home repairs are conclusory and unsubstantiated, and that Ms. Whiting does not disclaim other sources of income. Dkt. No. 86 at 2-3.

Ms. Whiting presents an incomplete picture of her financial circumstances. She identifies Social Security benefits as her primary source of income and describes the limited additional income she earns from her work as a therapist, but she does not say whether she has any other income or assets or what the value of those assets is. Dkt. No. 84-3. For example, it appears that Ms. Whiting owns her own home. However, her declaration describes only the amount she owes on her mortgage and not the value of the home or the amount of equity she has in it. While Ms. Whiting describes some of her most significant expenses, including medical expenses, mortgage payments, and the costs of anticipated home repairs, the Court is unable to evaluate how those expenses compare to her current assets and income, and ultimately, whether requiring Ms. Whiting to pay the costs taxed against her would create a financial hardship for her.

Accordingly, the Court concludes that Ms. Whiting has not made a sufficient showing to overcome the presumption of a cost award to defendants.

## IV. CONCLUSION

Based on the foregoing, Ms. Whiting's motion for judicial review of costs is denied without prejudice. If she chooses to do so, Ms. Whiting may submit a supplemental declaration addressing the question of financial hardship. Prior to filing any supplemental declaration, Ms. Whiting must confer with defendants in an effort to resolve any disagreement about the cost bill, and in any supplemental filing counsel must attest that such effort was made. To the extent Ms. Whiting chooses to file a supplemental declaration, the declaration must be filed by **May 22, 2023**. Defendants' response to any such supplemental filing shall be filed by **June 5, 2023**.

4

Unless otherwise ordered, the matter will be deemed submitted on the papers without a hearing.

**IT IS SO ORDERED.**

Dated: April 20, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge